[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE SECOND SPECIAL DEFENSE
This is an action by DEP against an engineer under various statutes, including General Statutes 22a-42a,22a-367, 22a-368 (b) and 22a-427, for opening a dam outlet and thereby allegedly causing pollution of state waters.
In his second amended special defense, defendant alleges that any action taken by him was taken as an employee or agent of the owner of the Mad River Dam. Plaintiff moves to strike this special defense of agency on the ground that environmental laws are strict liability statutes and, defendant must be held strictly liable for his actions, without respect to whether those actions were taken on behalf of some principal.
Defendant argues, in his supplemental brief, that the environmental protection laws are not strict liability statutes and, in any event, strict liability and a defense of agency are not inapposite.
Defendant invokes the common law principal of agency that an agent is ordinarily not liable for lawful acts done within the scope of his authority on behalf of a disclosed principal, but that doctrine has never been available as a defense for tort-feasors or persons committing criminal acts. See 3 Am.Jur.2d Agency 309. Scribner v. O'Brien, Inc.,169 Conn. 389, 404 (1975). Three of the statutes invoked in this case define the alleged offenses as public nuisances; the other statute provides civil and criminal fines for violations. All the alleged defenses, therefore, are defined as torts or are subject to fines and clearly fall into the CT Page 7986 tort-crime category for purposes of applying this rule of agency.
In Leslie Carothers, Commission of Environmental Protection v. American Airlines, Inc., 2 Conn. L. Rptr. 526
(September 27, 1990, Hammer, J.) the court noted that state environmental statutes prohibiting "the discharge of effluents are a form of strict liability," Id., 528, and held that the defendant employer was liable for the acts of its employees. Id. 528-29. This use of the theory of respondent superior to hold a principal liable for the actions of an agent in the context of actions to enforce the environmental protection laws does not carry with it the inference that alleged violations of these environmental protection statutes are therefore subject to the special defense of agency.
Since we find no basis on which the second amended special defense of agency can be legally sufficient, plaintiff's motion to strike this special defense is granted.
WAGNER, J.